[No. 2648.]

## H. B. RUST *v.* THE STATE.

APPEALS IN MISDEMEANOR CASES—PRACTICE IN COURT OF APPEALS.— In a misdemeanor case the appellant moves that the cause be stricken from the docket of this court because prematurely filed—twenty days not having intervened between the time the appeal was perfected and the day set for the call of the case in this court. The motion is overruled and the cause *held* to be determinable at the present term unless the appellant shows that a determination at this term will injure his rights or impair the proper administration of justice. Note in the opinion the collocation of provisions of the Revised Statutes and the Code of Criminal Procedure germane to the question.

APPEAL from the County Court of Dallas.

The record of this case has not reached the hands of the Reporters; but all matters of fact involved in the ruling are fully stated in the opinion of this court

*White & Plowman,* and *Stemmons & Field,* for the appellant, moved to dismiss the appeal.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   Appellant moves to strike this case from the docket because the same has been filed in this court prematurely.   Article 867 of the Code of Criminal Procedure provides as follows: "The clerk of the Court of Appeals shall receive, file and docket appeals in criminal actions under the same rules which govern appeals in civil actions; except in cases of felony a transcript may be filed, and the cause heard and determined at any time during the term to which the appeal is taken."   This appeal is from a conviction for a misdemeanor, and therefore does not come within the exception of the article above quoted, but is governed by the same rules which govern appeals in civil actions.

In appeals in civil actions it is provided that, if the appeal was perfected less than twenty days before the first day of the term of the Appellate Court next succeeding the taking thereof, or less than twenty days before the first day of the time in said term designated for the trial of causes brought from the county in which such appeal was taken, then such transcript shall be filed at the next succeeding term thereafter.   (Rev. Stats, Art. 1034.)   In this case the appeal was perfected by recognizance on the seventeenth day of March last, less than twenty days before the first day of the present term of this court, and less than twenty days before the day designated for the trial of causes brought from Dallas county.   This appeal would therefore be returnable to the next term of this court at this place, but it has been returned, filed and docketed for the present term.

Can we hear and determine the case at the present term? Article 860, Code of Criminal Procedure, provides: "It is the duty of the clerk of a court from which an appeal is taken to prepare, as soon as practicable, a transcript in every case in which an appeal has been taken," etc.   And Article 862 provides that, "As soon as a transcript is prepared, the clerk shall forward the same by mail, or other safe conveyance, charges paid, enclosed in an envelope, securely sealed, directed to the proper clerk of the Court of Appeals."   In view of the provisions of the Code of Criminal Procedure we have cited, the transcript in this case has been prepared, forwarded, filed and docketed in accordance with law, and the only question is the one above propounded.

Article 868 of the Code of Criminal Procedure provides: " The Court of Appeals shall hear and determine appeals in criminal actions at the earliest time it may be done, with due regard to

the rights of parties and a proper administration of justice."
We are of the opinion that, while this appeal would be returna-
ble to the next term of this court under Article 1034, Revised
Statutes, still, having been prepared, filed and docketed in ac-
cordance with Articles 860 and 862 of the Code of Criminal Pro-
cedure, it is the duty of this court to entertain, hear and de-
termine the same at the present term of this court, unless appel-
lant can show that to do this would injure his rights and interfere
with a proper administration of justice; in which case we would
not strike the appeal from the docket, but would continue the
cause to the next term of the court.

The motion is overruled.

*Motion overruled.*